DORATHY v. HUTCHINS.

Opinion delivered March 8, 1926.

1  RECEIVERS—ENFORCEMENT OF LIEN.—A complaint alleging that plaintiff has a lien on a growing crop and on certain livestock and farming implements, and asking for appointment of a receiver upon the ground that defendant has raised a crop but is permitting it to go to waste, *held* to state a cause of action in equity.

2. RECEIVERS—REMEDY AT LAW.—Equity has no jurisdiction of a suit by a landlord praying for appointment of a receiver to take possession of the leased premises upon allegation that the tenant is wrongfully holding over after expiration of the term of lease or after breach of conditions of the lease, since plaintiff's remedy at law is complete.

Prohibition to Cross Chancery Court; *A. L. Hutchins,* Chancellor; writ granted in part.

*J. C. Brookfield,* for petitioner.

*S. A. Gooch,* for respondent.

PER CURIAM. The petitioner, T. W. Dorathy, has applied here for a writ of prohibition to restrain the chancellor from proceeding with a receivership in a cause pending where A. C. Huddleston is plaintiff and petitioner is defendant. The record of the proceedings is brought up with the petition for our consideration.

. It appears from the record that plaintiff, Huddleston, filed his complaint against petitioner in the chancery court of Cross County, alleging that petitioner was plaintiff's tenant on a farm in that county for the year 1925; that petitioner had raised a crop on the farm, but had refused to gather it, and was permitting it to go to waste; that petitioner is indebted to the plaintiff in the sum of $1,140, for which plaintiff has a lien as landlord, and the prayer of the complaint was for recovery of the amount of the rent, and for the appointment of a receiver to gather and market the crop, to the end that plaintiff's lien could be enforced. There is also an allegation that petitioner is in possession of certain livestock and farming implements on which plaintiff has a lien, and the

prayer is that this property be also taken into custody by the receiver.

Notice was given of the application for a receiver, and the record shows that when the chancery court heard the application in term time the petitioner was present by his attorney.

The court appointed the receiver, with directions to him to take possession of the crop and personal property, and hold the same until further orders of the court, and the order of the court also contained a direction to the receiver to "rent the farm upon which T. W. Dorathy is now living for the year 1926." This order was made over the objections of petitioner, and the latter subsequently made application to the chancellor for a dissolution of the order. The court later granted a writ of assistance to the receiver to put him in possession of the land for the purpose of renting it for the year 1926. It is contended that the order was made without a complaint being filed, and without notice, but the record does not bear out the contention of petitioner in this regard. There is a complaint in the record, upon which the chancery court acted in appointing the receiver. The suit was one to enforce a lien, and the allegations of the complaint were sufficient to give the court jurisdiction to appoint a receiver to preserve the property upon which there was a lien. To that extent we are of the opinion that the chancery court acted within its jurisdiction. Now, it is different as to the order directing the receiver to take charge of the land and rent it out. In the first place, there is no allegation at all in the complaint with reference to the land; but, even if there had been any allegation or prayer for relief concerning the occupancy of the land, the court had no jurisdiction to appoint a receiver, for the reason that it was necessarily implied from the statement in the complaint that petitioner was in possession as tenant of the plaintiff, and, even if he was holding the premises wrongfully after the expiration of the term, or after breach of the conditions of the lease, plain-

tiff's remedy at law was complete, and the chancery court had no jurisdiction. A court of law had no jurisdiction to appoint a receiver in ejectment or unlawful detainer, and jurisdiction could not be conferred upon the chancery court merely by praying for the auxiliary remedy of a receivership.

To the extent that the receivership relates to the crop and other personal property, the petition for prohibition will be denied, but the writ will be granted to the extent of restraining the chancery court from proceeding with the receivership over the land. It is so ordered.